UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **10-20437**

18 U.S.C. § 1349
18 U.S.C. § 1344
18 U.S.C. § 2
18 U.S.C. § 982

CR-MARTINEZ

MAGISTRATE JUDGE
BROWN

UNITED STATES OF AMERICA

vs.

JEFFREY PHILLIPS,
EVE W. ROSEN,
ASHLEY DAVIDSON,
JEFFREY B. KAHN,
STEVEN ANDERSON,
KENNETH MARTINEZ,
SALOME BLAIR,
MICHELLE LITTLE,
PATRICIA L. REID,
JAZELLE PIERRE,
ANDRE BAILEY,
DAVID CURBELO,
NOELLE BEECHI, and
ELSA BELTRAN,



                    Defendants.

_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At various times relevant to this Indictment:

1.     The term "closing" referred to the legal event at which the transfer of an interest in

real estate from seller to buyer formally took place, as well as the point at which funds were

transferred between the various parties, such as from the lending institution to the buyer or to the

seller on the buyer's behalf, which transfer was often accomplished by temporarily passing the funds through an intermediary referred to as a "settlement agent" or "title company."

2.      A HUD-1 Settlement Statement ("HUD-1 Statement") was a standard form required to be executed for the closing of all real estate transactions. The HUD-1 Statement itemized all aspects of the closing for the lender including any payments made by the borrower, money due to the seller, and any fees paid to third parties in connection with the closing.

3.      "Cash-to-close" referred to the monetary obligations to be met by an individual, usually the buyer, in order for a closing on a particular real estate transaction to be completed.

4.      Wachovia Bank ("Wachovia Bank") was a financial institution with offices located throughout the United States, including the State of Florida, and whose accounts were insured by the Federal Deposit Insurance Corporation ("FDIC").

5.      Regions Financial Corporation ("Regions Bank") was a financial institution with offices located throughout the United States, including the State of Florida, and whose accounts were insured by the FDIC.

6.      Colonial Bank, N.A. ("Colonial Bank") was a financial institution with offices located throughout the United States, including the State of Florida, and whose accounts were insured by the FDIC.

7.      Eve Wagner Rosen, P.A. was a Florida professional association doing business as a title company, with its principal place of business located at 1400 East Oakland Park Boulevard, 1400 Building–Suite 202, in Fort Lauderdale, Florida.

8.      Withlacoochee Partners, LLC ("Withlacoochee") was a Nevada limited liability company with its principal place of business at 2295 NW Corporate Boulevard, #110, Boca Raton,

2

Florida.

9.     Village Park Estate Homes LLC ("Village Park") was a Nevada limited liability company with its principal place of business at 2295 NW Corporate Boulevard, #110, Boca Raton, Florida.

10.     Commercial First LLC ("Commercial First") was a Nevada limited liability company with its principal place of business at 2295 NW Corporate Boulevard, #110, Boca Raton, Florida.

11.     Ocala Partners, LLC ("Ocala Partners") was a Nevada limited liability company with its principal place of business at 2295 NW Corporate Boulevard, #110, Boca Raton, Florida.

12.     Defendant **JEFFREY PHILLIPS** was a Managing Member of Commercial First, Withlacoochee Partners, Ocala Partners, and Village Park (through Commercial First). **PHILLIPS** used these limited liability companies to sell vacant lots in developments he owned and managed.

13.     Defendant **EVE W. ROSEN** was an individual who resided in Broward County, Florida. **ROSEN** served as the settlement agent for loan transactions in connection with the sale of vacant lots in the developments owned by **JEFFREY PHILLIPS** and his associated limited liability companies.

14.     Defendant **ASHLEY DAVIDSON** was an individual who resided in North Miami Beach, Florida.

15.     Defendant **JEFFREY B. KAHN** was an individual who resided in Wilton Manors, Florida.

16.     Defendant **STEVEN ANDERSON** was an individual who resided in Sunrise, Florida.

17.     Defendant **KENNETH MARTINEZ** was an individual who resided in Wellington,

Florida.

18.     Defendant **SALOME BLAIR** was an individual who resided in Miami, Florida. **BLAIR** was listed as a buyer of three vacant lots in the River Springs development.

19.     Defendant **MICHELLE LITTLE** was an individual who resided in Sunrise, Florida. **LITTLE** was listed as a buyer of three vacant lots in the River Springs development.

20.     Defendant **PATRICIA L. REID** was an individual who resided in Sunrise, Florida. **REID** was listed as a buyer of three vacant lots in the River Springs and Village Park developments.

21.     Defendant **JAZELLE PIERRE** was an individual who resided in Miami Gardens, Florida. **PIERRE** was listed as a buyer of two vacant lots in the River Springs development.

22.     Defendant **ANDRE BAILEY** was an individual who resided in Lauderhill, Florida. **BAILEY** was listed as a buyer of two vacant lots in the River Springs development.

23.     Defendant **DAVID CURBELO** was an individual who resided in North Lauderdale, Florida. **CURBELO** was listed as a buyer of two vacant lots in the River Springs development.

24.     Defendant **NEOLLE BEECHI** was an individual who resided in Coconut Creek, Florida. **BEECHI** was listed as a buyer of two vacant lots in the River Springs development.

25.     Defendant **ELSA BELTRAN** was an individual who resided in Tamarac, Florida. **BELTRAN** was an individual listed as a buyer of one vacant lot in the River Springs development.

## COUNT 1
## CONSPIRACY TO COMMIT BANK FRAUD
## (18 U.S.C. § 1344)

1.     Paragraphs 1 through 25 of the General Allegations section of this Indictment are realleged and fully incorporated by reference as if fully set forth herein.

2.     From in or around December 2006, through in or around December 2008, in Miami-

4

Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**JEFFREY PHILLIPS,**
**EVE W. ROSEN,**
**ASHLEY DAVIDSON,**
**JEFFREY B. KAHN,**
**STEVEN ANDERSON,**
**KENNETH MARTINEZ,**
**SALOME BLAIR,**
**MICHELLE LITTLE,**
**PATRICIA L. REID,**
**JAZELLE PIERRE,**
**ANDRE BAILEY,**
**DAVID CURBELO,**
**NOELLE BEECHI, and**
**ELSA BELTRAN,**

together and with others known and unknown to the Grand Jury, did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other to knowingly, and with intent to defraud, execute, and cause the execution of, a scheme and artifice to defraud one or more financial institutions, including Wachovia Bank, Regions Bank, and Colonial Bank, which scheme and artifice would employ a material falsehood, and to obtain money and funds owned by, and under the custody and control of, one or more financial institutions, by means of false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1) and (2).

## PURPOSE OF THE CONSPIRACY

3.     It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) using straw buyers to purchase vacant land properties in North Florida; (b) submitting false and fraudulent mortgage loan applications and related documents to lending institutions, thereby inducing the lending institutions to make mortgage

loans to straw buyers for the purchase of the vacant land properties; (c) paying the straw buyers' cash-to-close obligations in order to allow unqualified straw buyers to purchase the vacant land properties; and (d) diverting fraud proceeds for their personal use and benefit, and to further the fraud scheme.

**MANNER AND MEANS OF CONSPIRACY**

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4.     **JEFFREY PHILLIPS** identified large tracts of vacant land in northern Florida that could be used to defraud lenders. **PHILLIPS** represented himself to be the developer of this vacant land, and, as the purported developer, he marketed and sold the vacant land lots as part of developments with names of River Springs and Village Park, among others.

5.     In order to establish a high price for the vacant lots, **JEFFREY PHILLIPS** sold the initial lots to inside investors at inflated prices. With the inflated values of the vacant lots established, **PHILLIPS** recruited individuals, and paid others to recruit individuals, to pose as buyers of vacant lots in his developments for a fee.

6.     **ASHLEY DAVIDSON, STEVEN ANDERSON**, and **KENNETH MARTINEZ** were recruiters used by **JEFFREY PHILLIPS** to recruit straw buyers in connection with the fraudulent sales of the identified vacant lots in River Springs, Village Park and other developments. Among the individuals recruited by these defendants to serve as straw buyers were co-conspirators **SALOME BLAIR, MICHELLE LITTLE, PATRICIA L. REID, JAZELLE PIERRE, ANDRE BAILEY, DAVID CURBELO, NOELLE BEECHI**, and **ELSA BELTRAN**.

7.     **JEFFREY PHILLIPS, STEVEN ANDERSON** and **ASHLEY DAVIDSON**

6

prepared, and caused to be prepared, fraudulent mortgage loan applications and other related documents on behalf of the straw buyers. The loan applications contained false and fraudulent representations of the buyers' income and deposits, and other information necessary for the lenders including Wachovia Bank, Regions Bank, and Colonial Bank to assess the straw buyers' supposed qualifications to borrow funds to purchase the vacant lots. The false and fraudulent documents were used to induce the lenders to fund mortgage loans to purchase the identified vacant lots.

8.      For a fee, the straw buyers allowed their identities and credit information to be used in the false and fraudulent mortgage loan applications for the purchase of the identified vacant lots. The straw buyers represented themselves to be the true buyers of the vacant lots and the individuals responsible for making payments on the loans. The straw buyers were not the actual buyers of these properties. Neither **JEFFREY PHILLIPS** nor the straw buyers ever disclosed this fact to the lenders, including Wachovia Bank, Regions Bank, and Colonial Bank.

9.      The lenders approved the mortgage applications based on the false and fraudulent mortgage loan applications submitted for the purchase of the identified vacant lots. Once the mortgage applications were approved, the loan proceeds from the lenders were wired to the title agent, **EVE W. ROSEN**, for distribution at the closing of the sale transactions.

10.     At the time of the closings, **JEFFREY PHILLIPS** and **JEFFREY B. KAHN** paid the cash-to-close obligations of each of the straw buyers. These payments enabled the unqualified buyers to purchase the vacant lots, to deceive the lenders into believing the buyers were legitimate purchasers of the vacant lot properties, and to conceal the false and fraudulent nature of the transactions.

11.     Also at the time of the closings, **EVE W. ROSEN** and others created, and caused to

7

be created, false and fraudulent HUD-1 Statements. The HUD-1 Statements represented to the lenders that the straw buyers were making significant cash to close and deposit payments when these payments were either not being made at all or other co-conspirators were making the payments on behalf of the straw buyers. The payments on behalf of the straw buyers concealed the false and fraudulent nature of the transactions by falsely and fraudulently suggesting to the lenders that the straw buyers were investing their own money in the purchase of the vacant lots.

12.    **JEFFREY PHILLIPS** fraudulently diverted loan proceeds to further the fraudulent loan scheme and for his own personal benefit and that of his co-conspirators. In some instances, **PHILLIPS** and other co-conspirators made mortgage payments on the properties to conceal the fraudulent nature of the transactions. Ultimately, the co-conspirators stopped making mortgage payments, causing the properties to go into foreclosure and resulting in substantial losses to the lenders.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2 - 16
### BANK FRAUD
### (18 U.S.C. § 1344)

1.    From in or around December 2006, through in or around December 2008, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**JEFFREY PHILLIPS,**
**EVE W. ROSEN,**
**ASHLEY DAVIDSON,**
**JEFFREY B. KAHN,**
**STEVEN ANDERSON,**
**KENNETH MARTINEZ,**
**SALOME BLAIR,**
**MICHELLE LITTLE,**
**PATRICIA L. REID,**

8

**JAZELLE PIERRE,**
**ANDRE BAILEY,**
**DAVID CURBELO,**
**NOELLE BEECHI, and**
**ELSA BELTRAN,**

did knowingly, and with intent to defraud, execute, and attempt to execute, a scheme and artifice to defraud one or more financial institutions, including Wachovia Bank, Regions Bank, and Colonial Bank, which scheme and artifice employed a material falsehood, and to obtain moneys and funds owned by, and under the custody and control of one or more financial institutions, by means of false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1) and (2).

## PURPOSE OF THE SCHEME AND ARTIFICE

2.     It was the purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves by, among other things: (a) using straw buyers to purchase vacant land properties in North Florida; (b) submitting false and fraudulent mortgage loan applications and related documents to lending institutions, thereby inducing the lending institutions to make mortgage loans to straw buyers for the purchase of the vacant land properties; (c) paying the straw buyers' cash-to-close obligations in order to allow unqualified straw buyers to purchase the vacant land properties; and (d) diverting fraud proceeds for their personal use and benefit, and to further the fraud scheme.

## THE SCHEME AND ARTIFICE

3.     Paragraphs 4 through 12 of the Manner and Means section of Count 1 of this Indictment are realleged and fully incorporated herein by reference as a description of the scheme and artifice.

## EXECUTIONS OF THE SCHEME AND ARTIFICE

4.      On or about the dates specified as to each count below, in the Southern District of

Florida, and elsewhere, the defendants, as specified in each count, did knowingly and with intent to

defraud execute, and attempt to execute, the above described scheme and artifice to defraud one or

more financial institutions, and to obtain moneys and funds owned by, and under the custody and

control of, one or more financial institutions, as more particularly described in each count set forth

below:

| COUNT | APPROX. DATE | DEFENDANTS | ACT IN EXECUTION |
|-------|--------------|------------|------------------|
| 2 | December 6, 2007 | **JEFFREY PHILLIPS, KENNETH MARTINEZ,** and **ELSA BELTRAN** | Submission to Wachovia Bank of fraudulent closing documents for a $640,000 mortgage loan for the purchase of Lot 14 in the River Springs development |
| 3 | December 21, 2007 | **JEFFREY PHILLIPS, JEFFREY B. KAHN, ASHLEY DAVIDSON,** and **JAZELLE PIERRE** | Submission to Wachovia Bank of fraudulent closing documents for a $680,000 mortgage loan for the purchase of Lot 15 in the River Springs development |
| 4 | January 23, 2008 | **JEFFREY PHILLIPS, ASHLEY DAVIDSON, STEVEN ANDERSON,** and **SALOME BLAIR** | Submission to Wachovia Bank of fraudulent closing documents for a $216,000 mortgage loan for the purchase of Lot 26 in the River Springs development |
| 5 | January 23, 2008 | **JEFFREY PHILLIPS, JEFFREY B. KAHN, ASHLEY DAVIDSON, STEVEN ANDERSON,** and **SALOME BLAIR** | Submission to Wachovia Bank of fraudulent closing documents for a $216,000 mortgage loan for the purchase of Lot 27 in the River Springs development |

| COUNT | APPROX. DATE | DEFENDANTS | ACT IN EXECUTION |
|---|---|---|---|
| 6 | January 31, 2008 | **JEFFREY PHILLIPS, EVE W. ROSEN, ASHLEY DAVIDSON, STEVEN ANDERSON,** and **SALOME BLAIR** | Submission to Regions Bank of fraudulent closing documents for a $195,000 mortgage loan for the purchase of Lot 21 in the River Springs development |
| 7 | February 29, 2008 | **JEFFREY PHILLIPS, EVE W. ROSEN, ASHLEY DAVIDSON, STEVEN ANDERSON,** and **PATRICIA L. REID** | Submission to Wachovia Bank of fraudulent closing documents for a $260,000 mortgage loan for the purchase of Lot 40 in the River Springs development |
| 8 | February 29, 2008 | **JEFFREY PHILLIPS, EVE W. ROSEN, ASHLEY DAVIDSON, STEVEN ANDERSON,** and **PATRICIA L. REID** | Submission to Wachovia Bank of fraudulent closing documents for a $260,000 mortgage loan for the purchase of Lot 41 in the River Springs development |
| 9 | March 25, 2008 | **JEFFREY PHILLIPS, ASHLEY DAVIDSON, JEFFREY B. KAHN, STEVEN ANDERSON,** and **MICHELLE LITTLE** | Submission to Wachovia Bank of fraudulent closing documents for a $256,800 mortgage loan for the purchase of Lot 31 in the River Springs development |
| 10 | March 25, 2008 | **JEFFREY PHILLIPS, ASHLEY DAVIDSON, STEVEN ANDERSON,** and **MICHELLE LITTLE** | Submission to Wachovia Bank of fraudulent closing documents for a $276,000 mortgage loan for the purchase of Lot 32 in the River Springs development |
| 11 | April 30, 2008 | **JEFFREY PHILLIPS, ASHLEY DAVIDSON, STEVEN ANDERSON,** and **ANDRE BAILEY** | Submission to Regions Bank of fraudulent closing documents for a $409,500 mortgage loan for the purchase of Lots 36 and 37 in the River Springs development |

| COUNT | APPROX. DATE | DEFENDANTS | ACT IN EXECUTION |
|-------|--------------|------------|------------------|
| 12 | April 30, 2008 | **JEFFREY PHILLIPS, ASHLEY DAVIDSON, KENNETH MARTINEZ,** and **DAVID CURBELO** | Submission to Regions Bank of fraudulent closing documents for a $479,500 mortgage loan for the purchase of Lots 24 and 25 in the River Springs development |
| 13 | April 30, 2008 | **JEFFREY PHILLIPS, ASHLEY DAVIDSON, STEVEN ANDERSON,** and **MICHELLE LITTLE** | Submission to Regions Bank of fraudulent closing documents for a $189,000 mortgage loan for the purchase of Lot 8 in the Village Park Estate Homes development |
| 14 | May 28, 2008 | **JEFFREY PHILLIPS, ASHLEY DAVIDSON, STEVEN ANDERSON,** and **PATRICIA L. REID** | Submission to Regions Bank of fraudulent closing documents for a $175,000 mortgage loan for the purchase of Lot 2 in the Village Park Estate Homes development |
| 15 | June 2, 2008 | **JEFFREY PHILLIPS, ASHLEY DAVIDSON, JEFFREY B. KAHN,** and **NOELLE BEECHI** | Submission to Regions Bank of fraudulent closing documents for a $686,000 mortgage loan for the purchase of Lots 10 and 11 in the River Springs development |
| 16 | July 15, 2008 | **JEFFREY PHILLIPS, ASHLEY DAVIDSON,** and **JAZELLE PIERRE** | Submission to Colonial Bank of fraudulent closing documents for a $198,100 mortgage loan for the purchase of Lot 39 in the River Springs development |

In violation of Title 18, United States Code, Sections 1344(1) and (2), and 2.

## FORFEITURE

1.      The General Allegations and the allegations of Counts 1 through 16 of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture

to the United States of America of certain property in which the defendants have an interest.

2.      Upon conviction of any violation of Title 18, United States Code, Sections 1349 and 1344, as alleged in Counts 1 through 16 of this Indictment, the defendants, **JEFFREY PHILLIPS, EVE W. ROSEN, ASHLEY DAVIDSON, JEFFREY B. KAHN, STEVEN ANDERSON, KENNETH MARTINEZ, SALOME BLAIR, MICHELLE LITTLE, PATRICIA L. REID, JAZELLE PIERRE, ANDRE BAILEY, DAVID CURBELO, NOELLE BEECHI,** and **ELSA BELTRAN,** shall forfeit to the United States any property constituting, or derived from, any proceeds the defendants obtained directly or indirectly, as the result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3.      The property subject to forfeiture includes, but is not limited to, the following property: $7,485,000, which represents the proceeds obtained by the defendants as the result of the bank fraud scheme.

4.      Pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference by Title 18, United States Code, Section 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendant:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred, or sold to, or deposited with a third party;

    c.      has been placed beyond the jurisdiction of the Court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be subdivided without difficulty;

13

it is the intent of the United States to seek the forfeiture of other property of the defendants up to the value of the above-described forfeitable properties.

All pursuant to Title 18, United States Code, Section 982(a)(2)(A) and the procedures set forth at Title 21, United States Code, Section 853, made applicable through Title 18, United States Code, Section 982(b).

_____
FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

PETER A. FORAND
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | |
| | **CERTIFICATE OF TRIAL ATTORNEY*** |
| JEFFREY PHILLIPS, ET AL., | |
| **Defendants.** | |
| _____/ | **Superseding Case Information:** |

**Court Division**: (Select One)

| | | | | | New Defendant(s)       Yes _____   No _____ |
|---|---|---|---|---|---|
| X | Miami | _____ | Key West | _____ | Number of New Defendants _____ |
| _____ | FTL | _____ | WPB | _____ FTP | Total number of counts _____ |

I do hereby certify that:

1.    I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.    I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.    Interpreter:     (Yes or No)     No
      List language and/or dialect     _____

4.    This case will take     21     days for the parties to try.

5.    Please check appropriate category and type of offense listed below:

(Check only one)                                     (Check only one)

| I | 0 to 5 days | _____ | Petty | _____ |
|---|---|---|---|---|
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | X | Felony | X |
| V | 61 days and over | _____ | | |

6.    Has this case been previously filed in this District Court? (Yes or No)     No
If yes:
Judge: _____     Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?     (Yes or No)     No
If yes:
Magistrate Case No.     _____
Related Miscellaneous numbers:     _____
Defendant(s) in federal custody as of     _____
Defendant(s) in state custody as of     _____
Rule 20 from the     _____     District of     _____

Is this a potential death penalty case? (Yes or No)     No

7.    Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?     _____ Yes     X  No

8.    Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?     _____ Yes     X  No

_____
PETER A. FORAND
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 682268

*Penalty Sheet(s) attached                                     REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **JEFFREY PHILLIPS**          Case No: _____

Count No.: 1

Conspiracy to Commit Bank Fraud _____

Title 18, United States Code, Section 1349 _____

**\*Max. Penalty:**          Thirty Years' Imprisonment _____

Count Nos.: 2-16

Bank Fraud _____

Title 18, United States Code, Section 1344 _____

**\* Max. Penalty**:          Thirty Years' Imprisonment _____

**\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: <u>EVE W. ROSEN</u>          **Case No**: _____

Count No.: 1

<u>Conspiracy to Commit Bank Fraud</u>

<u>Title 18, United States Code, Section 1349</u>

**\*Max. Penalty:**        Thirty Years' Imprisonment

Count Nos.: 6, 7, 8

<u>Bank Fraud</u>

<u>Title 18, United States Code, Section 1344</u>

**\* Max. Penalty**:        Thirty Years' Imprisonment


**\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **ASHLEY DAVIDSON**          **Case No**: _____

Count No.: 1

Conspiracy to Commit Bank Fraud _____

Title 18, United States Code, Section 1349 _____

**\*Max. Penalty:**      Thirty Years' Imprisonment _____

Count Nos.: 3-16

Bank Fraud _____

Title 18, United States Code, Section 1344 _____

**\* Max. Penalty**:      Thirty Years' Imprisonment _____


**\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

<u>PENALTY SHEET</u>

**Defendant's Name**: <u>**JEFFREY B. KAHN**</u>        **Case No**: _____

Count No.: 1

<u>Conspiracy to Commit Bank Fraud</u>

<u>Title 18, United States Code, Section 1349</u>

**\*Max. Penalty:**        Thirty Years' Imprisonment

Count Nos.: 3, 5, 9, 15

<u>Bank Fraud</u>

<u>Title 18, United States Code, Section 1344</u>

**\* Max. Penalty**:        Thirty Years' Imprisonment

**\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: __STEVEN ANDERSON__       **Case No**: _____

Count No.: 1

Conspiracy to Commit Bank Fraud

 Title 18, United States Code, Section 1349

**\*Max. Penalty:**       Thirty Years' Imprisonment

Count Nos.: 4-11, 13, 14

Bank Fraud

Title 18, United States Code, Section 1344

**\* Max. Penalty**:       Thirty Years' Imprisonment


**\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: <u>**KENNETH MARTINEZ**</u>     **Case No**: _____

Count No.: 1

<u>Conspiracy to Commit Bank Fraud</u>

<u>Title 18, United States Code, Section 1349</u>

**\*Max. Penalty:**     Thirty Years' Imprisonment

Count Nos.: 2, 12

<u>Bank Fraud</u>

<u>Title 18, United States Code, Section 1344</u>

**\* Max. Penalty**:     Thirty Years' Imprisonment

**\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: **SALOME BLAIR**          Case No: _____

Count No.: 1

Conspiracy to Commit Bank Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**      Thirty Years' Imprisonment

Count Nos.: 4, 5, 6

Bank Fraud

Title 18, United States Code, Section 1344

**\* Max. Penalty**:      Thirty Years' Imprisonment

**\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: <u>**MICHELLE LITTLE**</u>          **Case No**: _____

Count No.: 1

<u>Conspiracy to Commit Bank Fraud</u>

<u>Title 18, United States Code, Section 1349</u>

**\*Max. Penalty:**          Thirty Years' Imprisonment

Count Nos.: 9, 10, 13

<u>Bank Fraud</u>

<u>Title 18, United States Code, Section 1344</u>

**\* Max. Penalty**:          Thirty Years' Imprisonment


**\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **PATRICIA L. REID**          **Case No**: _____

Count No.: 1

Conspiracy to Commit Bank Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**          Thirty Years' Imprisonment

Count Nos.: 7, 8, 14

Bank Fraud

Title 18, United States Code, Section 1344

**\* Max. Penalty**:          Thirty Years' Imprisonment

**\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **JAZELLE PIERRE**          **Case No**: _____

Count No.: 1

Conspiracy to Commit Bank Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**          Thirty Years' Imprisonment

Count Nos.: 3, 16

Bank Fraud

Title 18, United States Code, Section 1344

**\* Max. Penalty**:          Thirty Years' Imprisonment

**\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: **ANDRE BAILEY**        **Case No**: _____

Count No.: 1

Conspiracy to Commit Bank Fraud

 Title 18, United States Code, Section 1349

**\*Max. Penalty:**        Thirty Years' Imprisonment

Count Nos.: 11

Bank Fraud

Title 18, United States Code, Section 1344

**\* Max. Penalty**:        Thirty Years' Imprisonment

**\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: <u>**DAVID CURBELO**</u>          **Case No**: _____

Count No.: 1

<u>Conspiracy to Commit Bank Fraud</u>

<u>Title 18, United States Code, Section 1349</u>

**\*Max. Penalty:**    Thirty Years' Imprisonment

Count Nos.: 12

<u>Bank Fraud</u>

<u>Title 18, United States Code, Section 1344</u>

**\* Max. Penalty**:    Thirty Years' Imprisonment

**\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **NOELLE BEECHI**        **Case No**: _____

Count No.: 1

Conspiracy to Commit Bank Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty**:    Thirty Years' Imprisonment

Count Nos.: 15

Bank Fraud

Title 18, United States Code, Section 1344

**\* Max. Penalty**:    Thirty Years' Imprisonment

**\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **ELSA BELTRAN**          **Case No**: _____

Count No.: 1

Conspiracy to Commit Bank Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**     Thirty Years' Imprisonment

Count Nos.: 2

Bank Fraud

Title 18, United States Code, Section 1344

**\* Max. Penalty**:     Thirty Years' Imprisonment

**\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**